# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Rodewald, | Civil No. 08-5911 (RHK/SRN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Stephen Beseres, Esq., Beseres Law Office, 4124 Quebec Ave. N., Suite 303, New Hope, Minnesota 55427, for Plaintiff.

Lonnie Bryan, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned United States Magistrate Judge on Plaintiff's Motion Concerning Plaintiff's Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. No. 18]. This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be denied.

## I.    PROCEDURAL HISTORY

Pursuant to 42 U.S.C. § 405(g), Plaintiff Kevin Rodewald sought judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), who denied Plaintiff's application for disability insurance benefits. Both parties filed motions for summary judgment, [Docket No. 8 and 12]. On March 18, 2009, this Court issued a Report and Recommendation

1

granting Plaintiff's motion for summary judgment as to remand and denying Defendant's motion for summary judgment. [Doc. No. 15]. On April 16, 2009, United States District Court Judge Richard H. Kyle adopted this Court's Report and Recommendation and ordered the case be remanded back to the Commissioner. [Doc. No. 17]. The Order adopting the Report and Recommendation did not contain the words "let judgment be entered accordingly" and judgment has not been entered in this case.

## II. DISCUSSION

### A. Legal Framework of the EAJA.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B). In reviewing a final agency decision concerning a claimant's entitlement to Social Security benefits, a district court may remand the case pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). Those provisions provide in relevant part:

> [4] The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.
> . . .
> [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the [Commissioner] for further action by the [Commissioner], and it may at any time order additional evidence from the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Id. The Supreme Court has explained that "[i]n sentence four cases, the filing period [for EAJA purposes] begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." Melkonyan v. Sullivan, 501 U.S. 89, 102, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). In contrast, "[i]n sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." Id. The "principal feature" that distinguishes between a sentence four and a sentence six remand is the immediate entry of judgment. Shalala v. Schaefer, 509 U.S. 292, 297, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); Pottsmith v. Barnhart, 306 F.3d 526, 528 (8th Cir. 2002). A substantive ruling on the merits of the case is a second factor distinguishing the two types of remands. Melkonyan, 501 U.S. at 98.

Judgment has not been entered in this case and the remand order was not a substantive ruling on the merits. Therefore, the remand order was pursuant to sentence six of 42 U.S.C. § 405(g) and Plaintiff's motion for attorneys' fees under the EAJA is premature.

III.  **RECOMMENDATION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion Concerning Plaintiff's Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. No. 18] be **DENIED without prejudice**.

Dated: September 8, 2009

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **September 23, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.